## Beaver Petroleum Corporation, et al. v. Whitney, et al.

(Decided December 18, 1925.)

### Appeal from Warren Circuit Court.

1. Judgment—Judgment Taken Against Corporation on Pleading Showing No Interest Held Improper.—Judgment against corporation on note and mortgage, where petition simply asked corporation to set up its interest, if any, in mortgaged property, and answer denied any interest, held improper.

2. Corporations—Judgment Against Corporation on Note and Mortgage, Signed by Agent, Held Proper.—Where corporation admitted that one who signed note and mortgage in purchasing drilling rig was its agent and purchased supplies for and on behalf of the company, and he was in charge of its business and appeared to have been sole person in control, judgment against corporation on note and mortgage was proper.

3. Appeal and Error—Judgment Affirmed as to Party Not Filing Brief where Statement on Appeal does Not Show which Parties Prosecuted Appeal.—Where statement of appeal is defective and does not show which of appellants is prosecuting appeal, judgment will not be disturbed against party for whom no brief was filed.

CHANEY & DIXON for appellants

G. D. MILLIKEN for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming in part and reversing in part.

Appellees, Whitney and Slaughter, instituted this action in the Warren circuit court against the Buffalo-Kentucky Syndicate, Beaver Petroleum Corporation and the Hunt Oil Company, to recover on nine notes ranging in amounts from $100.00 to $200.00, dated May 22, 1922, payable to appellees monthly thereafter and secured by a mortgage upon one No. 5½ Keystone oil drilling rig and certain accessories and equipments belonging thereto.

The prayer of the petition does not seek judgment against the appellant, Beaver Petroleum Corporation, but only that it be required to answer and set up what, if any, claim or interest it had in the mortgaged property described in the petition. The petition contains this averment:

"The plaintiffs further state that they are informed and so allege, that the Beaver Petroleum Corporation has taken over all the property belonging to its co-defendant, Buffalo-Kentucky Syndicate, and has also assumed to pay all its co-defendant's debts and said Beaver Petroleum Corporation is called upon to file answer herein and assert what, if any, interest it claims to have against the mortgaged property herein described."

This appellant filed answer averring:

"It has no interest whatever in the rig described in the plaintiff's petition; has never executed any notes to the plaintiff, nor any mortgages covering said rig; nor has it assumed any liability on account of said rig, nor assumed any notes given in payment therefor. This defendant, the Beaver Petroleum Corporation, states it has no interest in this action, and having answered to that effect, should be dismissed herefrom."

The above is the whole of the answer save an admission that the defendant is a corporation, and a prayer asking to be dismissed from the action with costs. Notwithstanding this the court adjudged "that plaintiffs, W. C. Whitley and T. G. Slaughter, recover of the defendant, the Beaver Petroleum Corporation, the Buffalo-Kentucky Syndicate and the Hunt Oil Company, the sum of $1,300.00, together with interest thereon from and after May 23, 1922, and for their cost herein expended." Manifestly this judgment was erroneous as to appellant, Beaver Petroleum Corporation, against whom no judgment was sought by the petition.

Appellant, Beaver Petroleum Corporation, insists that the judgment as to it is erroneous because, as shown by its answer, it did not sign, execute or deliver the notes or mortgage sued on, but the same were signed by B. P. Tivey with the name Buffalo-Kentucky Syndicate, at a time when Tivey as agent had no authority to purchase a drilling rig for the Buffalo-Kentucky Syndi-

cate, or to execute notes for the Buffalo-Kentucky Syndicate, or to execute mortgages for the Buffalo-Kentucky Syndicate. "That authority was vested solely in the Buffalo-Kentucky Syndicate's sole trustee, Allen W. Jackson, and that no one else had any authority to execute notes or mortgages for the Buffalo-Kentucky Syndicate; and further states that the Buffalo-Kentucky Syndicate never obtained a drilling rig as mentioned by plaintiffs' petition, nor had any right or title thereto and has no right or title thereto now."

It is admitted by this appellant that Tivey was its agent and that he did purchase supplies for and on behalf of the company. He was in charge of its business, in fact, appears to have been the sole person in control of its operations. The notes and mortgages were executed in the name of the company many months before the institution of this action without complaint of the company or any of its officers up to the time of the institution of this litigation. The evidence shows that the rig was purchased by Tivey for the Buffalo-Kentucky Syndicate, and that it was delivered to that company by Whitney and Slaughter, the sellers. This appears to be sufficient to support the judgment of the lower court with respect to the Buffalo-Kentucky Syndicate, and to warrant the sale of the property described in the petition as the property of appellant, Buffalo-Kentucky Syndicate. The judgment to this extent is, therefore, affirmed.

The appellant, Hunt Oil Company, answered and denied that it had, in consideration of plaintiffs' agreeing not to foreclose the mortgage set forth in the petition after the Buffalo-Kentucky Syndicate had defaulted in payment, and in consideration of the Buffalo-Kentucky Syndicate permitting the Hunt Oil Company to use and operate the drilling rig outfit in drilling an oil well on its lease, agreed and promised to assume the debt of the Buffalo-Kentucky Syndicate as evidenced by the notes and mortgages and to pay the same to appellees. All this was averred in the petition.

There is no brief for this appellant. The evidence shows that the drilling rig and outfit were used by it for drilling an oil well on its lease and that on one or more occasions Tivey, who was agent and general manager of this concern, paid appellees a part of the purchase price on the rig and thus satisfied some of the notes. The statement of the appeal is defective in that it does not

show which of the appellants is prosecuting this appeal, and we cannot, therefore, tell for a certainty whether the Hunt Oil Company is prosecuting an appeal or not, but inasmuch as there is no brief filed for it, we may assume it is not so doing, and the judgment as to it will not be disturbed.

For the reasons indicated the judgment is affirmed as to the Buffalo-Kentucky Syndicate and the Hunt Oil Company but reversed as to the Beaver Petroleum Company.

Judgment affirmed in part and reversed in part.